N. M. CHURCH v. VAUGHN, HEMPHILL & COMPANY ET ALS.

(Filed 14 May, 1919.)

**Pleadings—Demurrer—Judgments—Injunction—Cloud on Title—Equity.**

In a suit to restrain the execution under a judgment and to remove the lien thereof as a cloud upon the title to plaintiff's lands, there was allegation that the plaintiff was a purchaser of the lands, and obtained his deed therefor, at a sale made in pursuance of a judgment entered by consent of the defendant and his creditor that title in fee should be made to the purchaser under the consent judgment, and that at the time the consent judgment was entered and the subsequent taking of his deed the defendant had acquired the prior judgment under which the execution was threatened without divulging the same: *Held,* a demurrer to the complaint was bad and plaintiff's motion to continue the restraining order to the hearing was properly allowed.

.APPEAL by defendants from *Cline, J.,* at September Term, 1918, of
WATAUGA.

On the return of the restraining order the plaintiff moved for the
continuance thereof to the hearing, and the defendants moved to vacate
the restraining order and to dismiss the action. The court denied the
motions of the defendants and continued the restraining order to the
hearing. Appeal by defendants.

*No counsel for plaintiff.*
*Charles G. Gilreath for defendants.*

CLARK, C. J. The complaint alleges that at Spring Term of Watauga,.
1918, a consent judgment was entered in the case of J. C. Cook against
these defendants wherein John H. Bingham was appointed commis-
sioner to sell a town lot in Boone, described in said judgment, and by
consent he was directed to make deed in fee to the purchaser upon pay-
ment of the purchase money; that the commissioner duly advertised and
sold the property. The plaintiff became the purchaser and, having paid
the purchase money in full, the commissioner executed to him a deed
in fee for the property. The complaint alleges further that prior to the
date of said consent judgment, Hancock Bros. & Co. and the Lynchburg
Shoe Co. had obtained judgments against J. C. Cook which were dock-
eted in Watauga and were assigned to these defendants.

The complaint avers that the defendants, having consented to a judg-
ment under which the land of Cook was sold, that title in fee should be
made to the purchaser, and neither then nor at the time the plaintiff
bought the land made known the fact that said defendants held said
docketed judgments, which were liens on said land, are estopped to sell
the land under said judgments.

The plaintiff seeks to restrain a sale of the land under said judgments
as a cloud upon his title and to have them canceled. The judge finds
the facts stated in the complaint to be true, there being no evidence to
the contrary, and properly continued the restraining order to the hear-
ing. The demurrer, that the complaint did not state facts sufficient to
constitute a cause of action, was properly overruled.

Affirmed.